IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALFRED MAYFIELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-07-600-M |
| ) | |
| KAY COUNTY, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Mr. Alfred Mayfield has filed:

- a habeas petition which concerns five ongoing prosecutions in state court, and

- a motion to stay his state court proceedings.

The State of Oklahoma moves for dismissal of the petition and objects to the motion to stay, urging abstention because of the ongoing state proceedings. The Court should grant the motion to dismiss[1] and deny the motion for a stay.

## State Court Proceedings

The habeas petition involves five state court prosecutions and all are ongoing.

---

[1] In the petition, Mr. Mayfield has named "Kay County, State of Oklahoma" as the only respondent. Petition for Writ of Habeas Corpus at p. 1 (May 25, 2007). The State of Oklahoma asserts that it is the "unnamed but correct party in interest on behalf of Kay County . . . ." Combined Motion to Dismiss, Response to Petition for Writ of Habeas Corpus and Response to Motion to Stay Proceedings at p. 1 (July 3, 2007). The recommended dismissal of the habeas petition would eliminate the need to consider substitution of the respondent or dismissal of Kay County as a party. *See infra* pp. 2-3.

In Case Nos. CF-2001-31 and CF-2001-33, the court convicted Mr. Mayfield of first-degree burglary and imposed a ten-year suspended sentence. In 2004, the state court partially revoked the suspended sentence, ordering Mr. Mayfield to serve nine months in the county jail. In both cases, the State is seeking revocation of the remainder of the suspended sentences.

Case No. CF-2005-367 is set for trial in October 2007.

The state court began the preliminary hearing in Case No. CF-2006-463, but continued the proceeding.

Case No. CM-2004-293 is trailing behind Case Nos. CF-2005-367 and CF-2006-463.

## **Abstention**

Federal courts should generally avoid intervention in state criminal prosecutions begun before institution of a federal suit when the state court proceedings are ongoing, offer an adequate forum for the petitioner's federal claims, and implicate important state interests. *See Younger v. Harris*, 401 U.S. 37, 43 (1971). An exception exists for "bad faith or harassment," prosecution under a statute that is "'flagrantly and patently'" unconstitutional, or other "extraordinary circumstances" involving irreparable injury. *See id.* at 46-55 (citation omitted).

Mr. Mayfield has not alleged any facts which would trigger one of these exceptions. For example, the Petitioner has not alleged:

- bad faith,

- harassment,

- the unconstitutionality of any of the statutes which govern his relevant state court prosecutions, or

- other extraordinary circumstances involving irreparable injury.[2]

Accordingly, the Court should:

- dismiss the habeas petition without prejudice[3] and

- deny the motion for a stay.

## Notice of Right to Object

The Petitioner has the right to object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Such objections must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is August 7, 2007. *See* W.D. Okla. LCvR 72.1. The failure to timely object to this report and recommendation would waive the Petitioner's right to appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[2] Mr. Mayfield asserts "irreparable damage" and "irreparable harm," but he has not explained the assertion. *See* Motion for Stay of State Court Proceedings at p. 1 (June 19, 2007) ("To allow the district court to proceed, pending determination of this Court's final decision on Petitioner's Habeas Corpus Petition could subject him to irreparable damage beyond damage he has already suffered."); Petitioner's Reply Brief at p. 7 (July 10, 2007) ("Petitioner suggested that he has clearly suffered irreparable harm, and is continuely [sic] suffering irreparable harm.").

[3] *See Morrow v. Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996) (remanding with instructions for the district court to dismiss an action without prejudice under *Younger*); *see also American Constitutional Law Foundation, Inc. v. Meyer*, 113 F.3d 1245, 1997 WL 282874, Westlaw op. at 4 (10th Cir. May 29, 1997) (unpublished op.) (*per curiam*) ("Abstention under *Younger v. Harris* . . . results in outright dismissal rather than postponement.").

## Status of the Referral

The referral to the undersigned is not terminated.

Entered this 18th day of July, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge